UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SOUTH CAROLINA STEVEDORES ASSOCIATION, | ) | CIVIL ACTION NO: 2:13-cv-02359-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERNATIONAL LONGSHOREMEN'S UNION, LOCALS 1422 and 1771, AN UNINCORPORATED ASSOCIATION, AND A through XX, being fictitious names of persons whose true names are unknown to the Plaintiff, but who are refusing to work at Terminals at the Port of Charleston, whose names will be added by amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff South Carolina Stevedores Association's ("SCSA") motion for a temporary restraining order. Plaintiff has filed a complaint against defendants International Longshoremen's Union, Locals 1422 and 1771, and persons A through XX, asserting that defendants are causing irreparable damage to plaintiff.

Specifically, plaintiff's verified complaint and attached affidavits state that defendants have unlawfully interfered with and will continue such unlawful interference with the normal business operations of the members of plaintiff unless restrained by order of this court by engaging in a work slowdown or refusal to abide by work assignments or refusal on the part of the members of defendants Local 1422 and Local 1771 to abide by work assignments; that the work slowdown or other interference with the business

1

operations of the members of plaintiff will result in immediate substantial and irreparable injury before a hearing can be had upon a motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure; that such injury will be unavoidable unless a temporary restraining order is issued without further notice; that as to each item of relief granted herein greater injury will be inflicted upon plaintiff by the denial of relief than will be inflicted upon defendants Local 1422 and Local 1771 and its members by the granting of relief; and that plaintiff has no adequate remedy at law; and that bond should be waived because defendants will suffer no damage as the result of issuance of injunctive relief and will merely be forced to abide by the terms of their contracts with plaintiff.

As a result, plaintiff seeks a temporary restraining order:

1. Enjoining and restraining defendants Local 1422 and Local 1771, International Longshoremen's Association ("Local 1422 and Local 1771") and its officers, agents, servants, members, employees, representatives, and attorneys, and each of them, and all persons or organizations in active concert or participation with them, or who receive actual notice of the order of this Court, by personal service or otherwise, from in any manner:

    a. Walking off plaintiff's members' operations, located in Charleston County, South Carolina, or from, in any manner whatsoever, obstructing or interfering with free ingress and egress at such facility;

    b. Loitering or being unnecessarily near or in the vicinity of the points of ingress and egress of the relevant terminals, located in Charleston County, South Carolina;

    c. Using abusive or intimidating language to any person or persons attempting to enter or leave the relevant terminals, located in Charleston County, South Carolina;

    d. Inflicting and/or threatening to inflict damage or injury to the person or property of plaintiff, its agents, representatives or employees, or the families of plaintiff's agents, representatives or employees, or those having a business relationship with Plaintiff;

    e. Threatening, intimidating, coercing, harassing or interfering with plaintiff, plaintiff's members, their agents, representatives or employees, or the families of plaintiff, plaintiff's members, their agents, representatives or employees, or others having a business relationship with plaintiff and plaintiff's members;

    f. Following plaintiff's and plaintiff's members' agents, representatives, employees or their families, or anyone having a business relationship with plaintiff and plaintiff's members;

    g. Interfering in any manner whatsoever with plaintiff's members' employees' right to engage in their lawful vocation or plaintiff's members' contractors' and subcontractors' employees' right to engage in their lawful vocation; and

2. Directing defendants Local 1422 and Local 1771 and their officers, agents, servants, members, employees, representatives, and attorneys, and each of them, and all persons or organizations in active concert or participation with them, or who receive actual notice of the order of this court, by personal

3

service or otherwise, and to take all appropriate measures to terminate and prevent any strike, slowdown or reduction in output and efficiency or any partial or complete cessation or refusal to work, strike, picketing, slowdown, work stoppage, job action, or other interference with or interruption of the normal business operations of any member of plaintiff, including the issuance forthwith of notices to the members, officers, servants, attorneys, employees, and agents of defendants Local 1422 and Local 1771 to terminate and refrain from any partial or complete cessation or refusal to work, strike, picketing, slowdown, work stoppage, job action, or other interference with or interruption of the normal business operations of any member of SCSA.

The court has considered the verified complaint, the complaint's affidavits and other attachments, and plaintiff's motion for temporary restraining order. On the basis of these pleadings and papers, it appears to the court that plaintiff will suffer immediate and irreparable injury, loss, and damage before notice can be given and defendants or their attorney can be heard in opposition to the issuance of a temporary restraining order.

It is therefore ORDERED, that Defendants Local 1422 and 1771 and their officers, agents, servants, members, employees, representatives and attorneys, and each of them, and all persons or organizations in active concert or participation with them, or who receive actual notice of the order of this Court, by personal service or otherwise are hereby:

    1. Temporarily enjoined and restrained from, in any manner:

        a. Walking off plaintiff's members' operations, located in Charleston County, South Carolina, or from, in any manner whatsoever,

      obstructing or interfering with free ingress and egress at such facility;

b. Loitering or being unnecessarily near or in the vicinity of the points of ingress and egress of the relevant terminals, located in Charleston County, South Carolina;

c. Using abusive or intimidating language to any person or persons attempting to enter or leave the relevant terminals, located in Charleston County, South Carolina;

d. Inflicting and/or threatening to inflict damage or injury to the person or property of plaintiff, its agents, representatives or employees, or the families of plaintiff's agents, representatives or employees, or those having a business relationship with plaintiff;

e. Threatening, intimidating, coercing, harassing or interfering with plaintiff, plaintiff's members, their agents, representatives or employees, or the families of plaintiff, plaintiff's members, their agents, representatives or employees, or others having a business relationship with plaintiff and plaintiff's member;

f. Following plaintiff's and plaintiff's members' agents, representatives, employees or their families, or anyone having a business relationship with plaintiff and plaintiff's members;

g. Interfering in any manner whatsoever with plaintiff's members' employees' right to engage in their lawful vocation or plaintiff's members' contractors' and subcontractors' employees' right to engage in their lawful vocation; and

2.  Directed to take all appropriate measures to terminate and prevent any strike, slowdown, or reduction in output and efficiency or any partial or complete cessation or refusal to work, strike, picketing, slowdown, work stoppage, job action, or other interference with or interruption of the normal business operations of any member of SCSA, including the issuance forthwith of notices to the members, officers, servants, attorneys, employees, and agents of defendants Local 1422 and Local 1771 to terminate and refrain from any partial or complete cessation or refusal to work, strike, picketing, slowdown, work stoppage, job action, or other interference with or interruption of the normal business operations of any member of SCSA.

Plaintiff is not required to post bond or other security. This Temporary Restraining Order will expire on the fourteenth day after the date of this order unless within such time the order is extended for good cause shown, or unless Defendants consent to an extension.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 29, 2013 at 6:00 pm**
**Charleston, South Carolina**